[No. B166045. Second Dist., Div. Seven. Mar. 11, 2004.]

FADI NORA, Plaintiff and Appellant, v.
JAMES KADDO, Defendant and Appellant.

**COUNSEL**

Law Offices of Gilbert & Marlowe, Oana Filimon and Richard C. Gilbert for Plaintiff and Appellant.

Law Offices of Theodore A. Cohen and Theodore A. Cohen for Defendant and Appellant.

**OPINION**

**ZELON, J.**—Fadi Nora (Nora) petitioned the trial court for a restraining order under Code of Civil Procedure section 527.6; defendant James Kaddo (Kaddo) opposed the petition without filing a cross-complaint. At the close of proceedings, Kaddo requested affirmative relief in the form of mutual restraining orders. The trial court, having refused to hear witnesses tendered by each party, entered mutual restraining orders. We reverse, and remand for an evidentiary hearing on Nora's petition.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Nora sought a temporary restraining order and injunction under Code of Civil Procedure section 527.6[1] against Kaddo, alleging threats and harassment. Because Kaddo sits as a judge of the Los Angeles Superior Court, the

---

[1] All statutory references are to the Code of Civil Procedure.

matter was transferred to Orange County Superior Court for hearing. Nora brought the matter on for hearing on his request for injunction on January 21, 2003.

At the hearing, Nora sought to present witnesses, in addition to the written declarations that had accompanied his original petition. The trial court refused to hear those witnesses, and also refused a request by Kaddo to present witnesses; the court also failed to rule on Kaddo's objections to Nora's declarations. At the close of argument, Kaddo's counsel asked that the restraining order be made mutual, and the court granted that request over Nora's objections.

Nora filed a petition for writ of supersedeas, requesting a stay of the restraining order against Nora. We granted that writ on May 29, 2003. Both parties have timely appealed the rulings below.

## DISCUSSION

▆ Section 527.6 permits a person who has suffered harassment to seek an injunction. It was enacted " 'to protect the individual's right to pursue safety, happiness and privacy as guaranteed by the California Constitution.' " (*Schraer v. Berkeley Property Owners' Assn.* (1989) 207 Cal.App.3d 719, 729–730 [255 Cal.Rptr. 453] (*Schraer*).) When a party seeks such an injunction, the court must hold a hearing, receive relevant testimony, and issue the injunction if it finds, by clear and convincing evidence, that harassment exists. (§ 527.6, subd. (d).) Any willful disobedience of such an injunction is punishable as a misdemeanor. (§ 527.6, subds. (d), (h), (i).)

"[A]lthough the procedures set forth in the harassment statute are expedited, they contain certain important due process safeguards. Most notably, a person charged with harassment is given a full opportunity to present his or her case, with the judge *required* to receive relevant testimony and to find the existence of harassment by 'clear and convincing' proof . . . ." (*Schraer, supra,* 207 Cal.App.3d at p. 730; see also *Adler v. Vaicius* (1993) 21 Cal.App.4th 1770, 1775 [27 Cal.Rptr.2d 32].)

### 1. *The Parties Were Entitled to an Evidentiary Hearing*

Both parties sought to present testimony in addition to the declarations and exhibits attached to the petition.[2] The trial court indicated that testimony was

---

[2] Although Nora argues that Kaddo did not seek to present witnesses, a fair reading of the transcript indicates that Kaddo was prepared to present live testimony but was, at most, offered the opportunity to make further filings with the court.

unnecessary, as it was prepared to rule on the papers presented by the parties. This ruling deprived both parties of important rights that the statute expressly preserved to them. (*Schraer, supra,* 207 Cal.App.3d at pp. 730–732; *Ensworth v. Mullvain* (1990) 224 Cal.App.3d 1105, 1110 [274 Cal.Rptr. 447].)

"[T]he procedure for issuance of an injunction prohibiting harassment is self-contained. There is no full trial on the merits to follow the issuance of the injunction after the hearing provided by Code of Civil Procedure section 527.6, subdivision (d). That hearing therefore provides the only forum the defendant in a harassment proceeding will have to present his or her case. To limit a defendant's right to present evidence and cross-examine as respondents would have us do would run the real risk of denying such a defendant's due process rights . . . ." (*Schraer, supra,* at pp. 732–733.)

The procedure adopted by the trial court deprived both parties of their rights in this matter. Nora was not given the full opportunity to present his case, and Kaddo was deprived of his right to defend.

## 2. *Kaddo Was Not Entitled to Mutual Relief*

Although Kaddo failed to file a cross-complaint seeking injunctive relief against Nora, and presented no evidence of harassment, the court granted his oral request at the close of the hearing to make the injunctive relief mutual. That order was an abuse of discretion. (*Kobey v. Morton* (1991) 228 Cal.App.3d 1055, 1059–1060 [278 Cal.Rptr. 530].)

"[S]ection 527.6 calls for the formality of a cross-complaint before the court imposes on the plaintiff 'what approximates a permanent injunction.' The court's inherent power does not extend so far as to encompass an order without a petition to serve as a vehicle for that order." (*Kobey v. Morton, supra,* 228 Cal.App.3d at p. 1060.)

Moreover, because there was no evidence to support the order against Nora, much less the clear and convincing evidence required by the statute, Nora was subjected to the potential criminal consequences of the order not only without notice and an opportunity to defend, but on a silent record.

## DISPOSITION

The order granting a mutual injunction is reversed and the matter remanded for an evidentiary hearing on Nora's petition. Each party is to bear his own costs on appeal.

Perluss, P. J., and Johnson, J., concurred.