Filed 9/30/13  Klaas v. Chavez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| JESSIE MARIE KLAAS, | |
| Plaintiff and Respondent, | E056575 |
| v. | (Super.Ct.No. CIVDS1202877) |
| RENE L. CHAVEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Wilfred J. Schneider, Jr., Judge.  Affirmed.

Jessie Marie Klaas, in propria persona, for Plaintiff and Respondent.

James L. Knox and Milligan, Beswick, Levine & Knox, LLP for Defendant and Appellant.

1

In this case, the trial court issued an injunction against civil harassment pursuant to Code of Civil Procedure section 527.6.[1]  Rene Chavez, the restrained person, appeals.

I

PROCEDURAL HISTORY

On March 20, 2012, Jesse Marie Klaas filed a request for a civil harassment restraining order on Judicial Council Forms, form CH-100.  The request alleged "constant aggressive harassment and vandalism to our home" by Chavez, the 52 year old son of a neighbor.

On March 26, 2012, the court, Judge House, granted the request for a temporary restraining order ex parte, using Judicial Council Forms, form CH-110.  The order was issued, and Chavez was ordered not to harass Klaas and her family, and to stay 100 yards away from them.  The matter was set for hearing on April 16, 2012.

On April 13, 2012, Chavez filed a response to the request for a restraining order on Judicial Council Forms, form CH-120.  He opposed the requested restraining order and asked for $2,000 in attorney fees.  Chavez also filed a declaration, including photographs, in opposition to the request.  In addition, his attorneys filed a memorandum of points and authorities in opposition to the request.

_____

**1**       Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

2

The matter was heard before Judge Wilfred J. Schneider, Jr. on April 16, 2012. At the conclusion of the hearing, the court issued a two-year restraining order on Judicial Council Forms, form CH-130.

As discussed below, the primary issue presented on appeal is whether the trial court improperly deprived Chavez of his right to examine the evidence against him. The secondary issue is whether the restraining order was supported by clear and convincing evidence.

II

EVIDENCE PRESENTED AT THE HEARING

In reaching its decision, the trial court reviewed the documents submitted by Klaas, the testimony of the parties, and their demeanor.

The documents submitted by Klaas included the petition and documentary evidence submitted at the hearing. In the petition, Klaas described current harassment as follows: "Blocking people from getting in our driveway. Setting off his [car] alarm for minutes and honking his horn repeatedly early in the morning. Staring in our window throwing his hands up. Eggs thrown at our house. Sprinkler valve busted. Storing cars in front of our house. He used to own our home and lost it in foreclosure so this has been happening for 2 1/2 years."

Under a section entitled "harassment at other times", Klaas stated: "Slamming into our trashcans knocking them over then taking off. Having his employees intimidate us and boxing in our car."

Under requested orders, Klaas stated: "He is very threatening and intimidating to us. I homeschool my children and want to feel safe in my home. I want to be able to take my girls in the front yard w/o fear. I babysit 2 autistic children and want their mom to feel better knowing I did this cause she witnessed it too."

At the hearing, Klaas submitted statements from Laurie Fotia, Jane Dana-Ramirez, and Rebecca T. Bodden. Counsel for Chavez objected to the statements on hearsay grounds and "there is no notice whatsoever in her petition that there were any witnesses whatsoever."[2] At the end of the hearing, counsel renewed the objection, stating that copies of the declarations had not been provided to him before the hearing. The court noted the objection but filed the declarations.

Klaas showed the court some pictures but no objection was made and no ruling was made on their admissibility. Pictures were also attached to the Chavez declaration.

In addition to the documents Klaas submitted, the court stated that it had a chance "to observe very carefully [the parties'] demeanor and testimonial quality during this proceeding." Presumably, the court noted that Chavez is 6 feet and 2 inches tall, and weighs 250 pounds. Also, at one point in the proceedings, the court admonished Chavez

---

**2** Actually, the request for restraining order states: "my husband, my children and other neighbors witnessed [the alleged harassment]."

to stop smirking.  Based on the evidence, the trial court granted the request for a restraining order.

III

THE EVIDENTIARY OBJECTION

Section 527.6(i) states: "At the hearing, the judge shall receive any testimony that is relevant, and may make an independent inquiry.  If the judge finds by clear and convincing evidence that unlawful harassment exists, an injunction shall issue prohibiting the harassment."

As noted above, Chavez first argues that he was improperly denied his right to examine the evidence against him.  He relies on *Schraer v. Berkeley Property Owners' Assn.* (1989) 207 Cal.App.3d 719.  In that case, the appellate court held that the trial judge erred in disallowing relevant oral testimony. (*Id.* at p. 729.)  The court explained: "We do not hold, nor do we mean to imply, that every proceeding for an injunction under Code of Civil Procedure section 527.6, subdivision (d), must in all instances proceed with oral testimony instead of upon affidavits or declarations, regardless of the circumstances.  Certainly, a full-fledged evidentiary hearing with oral testimony from all sides may not be necessary in all cases.  [Citations.]  We do hold, under the express language of the statute and in accordance with the requirements of due process, that the trial court in a harassment proceeding may not arbitrarily limit the evidence presented to written testimony *only*, when relevant oral testimony is offered.  Both sides may offer evidence by deposition, affidavit, or oral testimony, and the court *shall receive* such evidence, subject only to such reasonable limitations as are necessary to conserve the expeditious

5

nature of the harassment procedure set forth by Code of Civil Procedure section 527.6."
(*Id.* at p. 733, fn. 6.)

By receiving the witness declarations, consisting of letters attached to a declaration form (Judicial Council Forms, form MC-030), the trial court did not contravene the holding in *Schraer*.   As noted above, Chavez submitted a lengthy declaration prior to the hearing, and it also constituted part of the documentary evidence considered by the trial court.

We therefore conclude that *Schraer* does not support counsel's argument. *Schraer's* holding is that the trial court erred in refusing to allow oral testimony.  There was no such refusal in this case.

Chavez also objects to the procedure used in this case on constitutional grounds. He first argues that he was deprived of his due process rights to cross-examine the witnesses against him.

It is, of course, true that the statutory hearing process under section 527.6 is constrained by due process principles.  As the *Schraer* court stated: "[A]lthough the procedures set forth in the harassment statute are expedited, they contain certain important due process safeguards.  Most notably, a person charged with harassment is given a full opportunity to present his or her case, with the judge *required* to receive relevant testimony and to find the existence of harassment by 'clear and convincing' proof of a 'course of conduct' that actually and reasonably caused *substantial* emotional distress, had 'no legitimate purpose,' and was not a 'constitutionally protected activity.'" (*Schraer v. Berkeley Property Owners' Assn., supra,* 207 Cal.App.3d at pp. 730-731.)  At

6

a later point, the court said: "To limit a defendant's right to present evidence and cross-examine as respondents would have us do would run the real risk of denying such a defendant's due process rights, and would open the entire harassment procedure to the possibility of successful constitutional challenge on such grounds." (*Id.* at p. 733, fn. omitted.) Chavez cites this sentence and argues that he was denied his right to cross-examine the declarants, or even to see the declarations.

Chavez also argues that he preserved his constitutional objections by objecting to the declarations on hearsay and lack of notice grounds.[3] At the end of the hearing, counsel also objected that he had not been provided copies of the witness declarations. The court responded: "I didn't realize that. You can certainly get copies of those, sir. Your objection is noted in that regard, though."

However, during the hearing, counsel did not request a recess or continuance to allow for study of the witness declarations. Nor did he ask for an opportunity to subpoena the declarants in order to cross-examine them. Counsel did not offer the oral testimony of Chavez or any witnesses, did not seek to cross-examine Klaas, and did not assert a right to cross-examine the witnesses who submitted the declarations.

---

[3] As discussed elsewhere, the hearsay objection should have been overruled, and the original request for a restraining order did mention that there were neighbors who witnessed the conduct of Chavez.

In this posture, we must conclude that Chavez has not shown that the trial court improperly denied his right to present evidence and cross-examine witnesses. Nor has he preserved a constitutional objection that he was denied his right to examine the evidence against him.

As a secondary argument based on *Schraer*, Chavez relies on its discussion of the legislature's intent in enacting section 527.6. (*Schraer v. Berkeley Property Owners' Assn., supra,* 207 Cal.App.3d at p. 732.) In a footnote to that discussion, the court takes "judicial notice of the fact that the Judicial Council's instructions for litigants in harassment actions under Code of Civil Procedure section 527.6 specifically state that '[if] there are any witnesses to the defendant's conduct or [plaintiff's] emotional distress they should also be there' at the hearing, and that if the defendant wishes to oppose 'the lawsuit,' and he or she has any witnesses, 'they must also be present.' (Judicial Council California, Instructions for Lawsuits to Prohibit Harassment (Code Civ. Proc., § 527.6) (rev. Jan. 1, 1987).)" (*Id.* at p. 732, fn. 5.) Chavez applies this quotation to this case by arguing that, since witnesses must be present, he was denied his due process right to examine witnesses when the trial court decided the case on declarations.

The problem with this argument is that the Judicial Council Form has been changed since *Schraer* was decided in 1989. Judicial Council Forms, form CH-100-INFO, revised on January 1, 2012, now states: "Witnesses are not required, but it helps to have more proof of the harassment than just your word. You can bring: Witnesses; Written statements from witnesses made under oath; Photos; Medical or police reports; Damaged property; Threatening letters, e-mails, or telephone messages. The court may

8

or may not let witnesses speak at the hearing.  So, if possible, you should bring their written statements under oath to the hearing. (You can use Form MC-030, *Declaration*, for this.)." (Judicial Council Forms, form CH-100-INFO, p. 2)  This is precisely the procedure Klaas used here.

The trial court properly considered the declarations presented by Klaas in reaching its decision.  *Schraer* itself expressly disclaims a requirement that oral testimony is always required: "We do not hold, nor do we mean to imply, that every proceeding for an injunction under Code of Civil Procedure section 527.6, subdivision (d), must in all instances proceed with oral testimony instead of upon affidavits or declarations, regardless of the circumstances." (*Schraer v. Berkeley Property Owners' Assn., supra,* 207 Cal.App.3d at p. 733, fn. 6.)

Chavez also relies on *Nora v. Kaddo* (2004) 116 Cal.App.4th 1026, 1028-1029.  In that case, both parties sought to present witnesses in addition to the declarations and exhibits attached to the petition.  (*Id.* at p. 1028.)  The trial court refused to allow testimony on grounds that it was unnecessary.  The appellate court reversed and found that limiting the defendant's right to present evidence and cross-examine witnesses "would run the real risk of denying such a defendant's due process rights . . . . [Citation.]" (*Id.* at p. 1029.)  Since the trial court deprived both parties of their rights to fully present their case, the appellate court reversed. (*Id.* at p. 1030.)

*Nora*, which relies on *Schraer*, does not advance counsel's argument. Chavez was not deprived of any right to fully present his case. Counsel for Chavez did not seek to introduce any further evidence and he did not assert any right to cross-examine witnesses, including declarants. Although Chavez did not testify, his position was fully set forth in his declaration. His legal position was separately stated in his pre-trial brief. He thus had a significant advantage against the pro per plaintiff.[4]

For the reasons stated above, we conclude that Chavez has not preserved any constitutional issues for appeal.

IV

IS THE RESTRAINING ORDER SUPPORTED BY CLEAR AND CONVINCING EVIDENCE?

Section 527.6(b)(3) defines harassment as "unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose. The course of conduct must be such as would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner."

---

[4] The advantage continues on appeal. The brief of respondent Klaas consists of a five page factual statement under penalty of perjury, without record references, followed by a two page declaration entitled "Defects in Brief of Appellant." No statutes or cases are cited.

Klaas fails to recognize that we do not try, or retry, factual issues. We only determine whether the trial court had before it sufficient evidence, in this case clear and convincing evidence, to rule as it did, or whether it failed to follow applicable law. For this reason, the Appellate Rules require that any reference in a brief to a matter in the record must be supported by a record citation. (Cal. Rules of Court, rule 8.204(a)(1)(C).) We therefore decline to consider any factual statement in respondent's brief which is made without a record citation.

A "[c]ourse of conduct" is defined as "a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose, including following or stalking an individual, making harassing telephone calls to an individual, or sending harassing correspondence to an individual by any means, including, but not limited to, the use of public or private mails, interoffice mail, <u>facsimile</u>, or computer <u>email</u>. Constitutionally protected activity is not included within the meaning of 'course of conduct.'" (§ 527.6(b)(1).)

The trial court's job, therefore, is to "receive any testimony that is relevant, and may make an independent inquiry. If the judge finds by clear and convincing evidence that unlawful harassment exists, an injunction shall issue prohibiting the harassment." (§ 527.6(i).)

In reviewing the trial court's decision, we must determine whether it is supported by clear and convincing evidence. This review follows the general principles of determining whether substantial evidence supports a judgment: "In assessing whether substantial evidence supports the requisite elements of willful harassment, as defined in Code of Civil Procedure section 527.6, we review the evidence before the trial court in accordance with the customary rules of appellate review. We resolve all factual conflicts and questions of credibility in favor of the prevailing party and indulge in all legitimate and reasonable inferences to uphold the finding of the trial court if it is supported by substantial evidence which is reasonable, credible and of solid value. (Citations.)" (*Schild v. Rubin* (1991) 232 Cal.App.3d 755, 762.)

11

Chavez argues that "[r]eview of the record as a whole indicates that Klaas failed to meet [her burden of proving her claims by clear and convincing evidence], because the evidence was not 'clear, explicit, and unequivocal', or 'so clear as to leave no substantial doubt' and 'sufficiently strong to demand the unhesitating assent of every reasonable mind' that Chavez harassed Klaas. [Citations omitted.]"

Chavez then proceeds to espouse his version of the evidence: among other things, this was just a neighborhood power struggle over on-street parking, that the photographs submitted by Klaas at the hearing did not show any illegal activity, that Code Enforcement had not found any business being conducted by Chavez on his parent's property, and that Klaas claimed exclusive rights to parking in front of her house.

Obviously, Klaas' view of the facts was very different. Her petition alleges constant aggressive conduct by Chavez and describes some of that conduct. The petition also states that Chavez had been "very threatening and intimidating to us." She testified that she had nightmares about Chavez and felt like a prisoner in her home.

The declarations submitted by Klaas supported her allegations. For example, the Fotia declaration states: "I've seen Renee [Chavez] stand with his arms crossed staring and laughing at the Klaas' family room window after he parked his truck as if he's waiting for a confrontation." Rebecca Bodden declared that Chavez was "very threatening to surrounding neighbors and myself."

12

The court properly considered the declarations as evidence and Chavez concedes that hearsay testimony is admissible at a hearing under section 527.6. (*Duronslet v. Kamps* (2012) 203 Cal.App.4th 717, 728.) His initial objection on hearsay grounds was therefore not a valid objection. The trial court could properly consider hearsay evidence if it was relevant evidence and, in this case, the declarations were clearly relevant. (§ 527.6 (i); *Duronslet v. Kamps*, *supra,* 203 Cal.App.4th at p. 728; *Schraer v. Berkeley Property Owners' Assn., supra,* 207 Cal.App.3d at p. 733; *Kaiser Foundation Hospitals v. Wilson* (2011) 201 Cal.App.4th 550, 556.)

As in most cases, there are significant factual differences between the parties, and very different interpretations of the facts are presented by each party. Nevertheless, the trial court impliedly found that the facts presented by Klaas and the declarants were true, and that they were sufficient to constitute the clear and convincing evidence required by the statute. There was certainly evidence of continuing aggressive conduct by Chavez which meets the course of conduct definition of section 527.6(b)(1). There was also evidence of harassment, i.e., a "course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person . . . ." (§ 527.6(b)(3).) We therefore find no legal basis for disregarding the trial court's conclusion that a restraining order should issue.[5]

---

**5** Alternatively, Chavez asks us to modify the restraining order to permit him to visit his parents at their home. However, he acknowledges that "[t]he trial court was made aware that its order prevented Chavez from seeing his mother and ailing father, but simply ignored that fact." The trial court impliedly declined the request and Chavez provides no legal reason to overturn the trial court's decision.

V

DISPOSITION

The injunction prohibiting harassment is affirmed. Respondent Klaas to recover costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI _____

J.

We concur:

RAMIREZ _____

P. J.

KING _____

J.

14