Filed 3/30/15  Hall v. Lund CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THOMAS MONTAGUE HALL, | B256754 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BS147482) |
| v. | |
| CHRISTOPHER PAUL LUND, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Robert H. O'Brien, Judge.  Reversed in part.

_____

Thomas Montague Hall, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

_____

Thomas Montague Hall petitioned under Code of Civil Procedure section 527.6[1] for an injunction prohibiting harassment by Christopher Paul Lund. Hall alleged that Lund, in e-mail messages posted on the Internet, had threatened to kill him. Lund opposed the petition, but did not file a cross-petition seeking an injunction prohibiting harassment by Hall. Both Hall and Lund testified at an evidentiary hearing on Hall's petition. After hearing their testimony, on April 2, 2014, the trial court issued an order with mutual injunctions protecting Hall against Lund and Lund against Hall. On April 14, 2014, the court issued restraining orders on mandatory forms. Hall timely appealed from that portion of the order granting an injunction against him. Hall contends that, because Lund did not file a cross-petition under section 527.6 seeking an injunction prohibiting harassment against him, the court lacked authority to issue such an injunction.[2] We agree and thus reverse that portion of the order granting an injunction against Hall.

## DISCUSSION

A person who has suffered harassment may file a petition for an injunction prohibiting harassment. (§ 527.6, subd. (a)(1).) The respondent, the person against whom the injunction is sought, may file a response to the harassment allegations or may file a cross-petition for injunctive relief. (§ 527.6, subd. (h).) "If the [trial court] finds [after a hearing] by clear and convincing evidence that unlawful harassment exists, an injunction shall issue prohibiting the harassment." (§ 527.6, subd. (i).)

For the trial court to grant mutual injunctions prohibiting harassment under section 527.6, the respondent must have filed a cross-petition to provide the petitioner due process. (*Nora v. Kaddo* (2004) 116 Cal.App.4th 1026, 1029-1030 (*Nora*); *Kobey v. Morton* (1991) 228 Cal.App.3d 1055, 1060 (*Kobey*).) "[S]ection 527.6 calls for the formality of a cross-[petition] before the court imposes on the [petitioner] 'what approximates a permanent injunction.' The court's inherent power does not extend so far

---

[1]     Statutory references are to the Code of Civil Procedure.

[2]     Lund did not appeal.

2

as to encompass an order without a petition to serve as a vehicle for that order. [Citation.]" (*Kobey*, at p. 1060.)

In *Kobey*, the petitioner sought an injunction prohibiting harassment by the respondent. (*Kobey*, *supra*, 228 Cal.App.3d at p. 1057.) Even though the respondent had not filed a cross-petition against the petitioner, the trial court granted mutual injunctions prohibiting harassment. (*Id.* at pp. 1057-1058.) On appeal, the petitioner argued that, because the respondent had not filed a cross-petition, "the court lacked jurisdiction to grant an injunction against her [under section 527.6] and her due process rights were violated." (*Id.* at p. 1058.) The appellate court agreed that the court did not have "the power to grant mutual orders absent a pleading and without affording [the petitioner] notice and an opportunity to respond to specific charges." (*Id.* at p. 1059.) It, therefore, reversed the portion of the order granting an injunction against the petitioner. (*Id.* at p. 1060.) In *Nora*, the appellate court applied *Kobey* and reversed the order granting a mutual injunction prohibiting harassment because the respondent failed to file a cross-petition, even though he had orally requested a mutual injunction at the evidentiary hearing. (*Nora, supra*, 116 Cal.App.4th at p. 1029.)

Here, as in *Nora* and *Kobey*, Lund did not file a cross-petition seeking an injunction prohibiting harassment by Hall. The trial court, therefore, lacked authority to grant such an injunction against Hall under section 527.6.[3]

---

[3]    Because the trial court lacked authority to grant an injunction prohibiting harassment by Hall, as it did in the April 2, 2014 order, the subsequent April 14, 2014 restraining order against Hall on the mandatory form is invalid.

**DISPOSITION**

The portion of the order granting an injunction prohibiting harassment by Hall under section 527.6 is reversed. The parties shall bear their own costs on appeal.

NOT TO BE PUBLISHED.

ROTHSCHILD, P. J.

We concur:

CHANEY, J.

JOHNSON, J.

4