Filed 4/15/16  Johnson v. Bass CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DEZARAE LEANN JOHNSON,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>NICOLE YVETTE BASS,<br><br>Defendant and Respondent. | F071450<br><br>(Super. Ct. No. 15CECG00329)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from an order of the Superior Court of Fresno County.  Lisa M. Gamoian, Judge.

Dezarae Leann Johnson, in pro. per. for Plaintiff and Appellant.

Nicole Yvette Bass, in pro. per. for Defendant and Respondent.

-ooOoo-

On plaintiff's request for an order against defendant prohibiting civil harassment, the trial court entered a mutual order restraining both parties.  Plaintiff challenges the portion of the order restraining her.  Because defendant did not request such an order by filing a cross-petition, we reverse the portion of the order entered against plaintiff.

---

[*]     Before Hill, P.J., Levy, J. and Gomes, J.

## *FACTUAL AND PROCEDURAL BACKGROUND*

Plaintiff, Dezarae Johnson, filed an application for a civil harassment restraining order against defendant, Nicole Bass. The trial court issued a temporary restraining order pending a hearing. At the hearing of the order to show cause why an order prohibiting harassment should not be granted, both parties testified. After the hearing, the trial court issued a mutual three-year order, enjoining each party from harassing or contacting the other; it ordered each to stay at least 100 yards away from the other person and the other person's home, school, workplace, and vehicle. Plaintiff appeals, contending, among other things, that the trial court erred by entering mutual restraints when defendant did not formally petition for a civil harassment restraining order against her.

## *DISCUSSION*

"A person who has suffered harassment as defined [by statute] may seek a temporary restraining order and an order after hearing prohibiting the harassment." (Code Civ. Proc., § 527.6, subd. (a)(1).)[1] "'Harassment' is [defined as] unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose. The course of conduct must be such as would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner." (§ 527.6, subd. (b)(3).) "At the hearing, the judge shall receive any testimony that is relevant, and may make an independent inquiry. If the judge finds by clear and convincing evidence that unlawful harassment exists, an order shall issue prohibiting the harassment." (§ 527.6, subd. (i).) The order "may have a duration of not more than five years." (§ 527.6, subd. (j)(1).)

---

[1]     All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

2.

A party may seek a temporary order and an order after hearing by filing a petition requesting that relief.  (See § 527.6, subds. (d), (g).)  In response to the petition for an order prohibiting civil harassment, "[t]he respondent may file a response that explains, excuses, justifies, or denies the alleged harassment or *may file a cross-petition under this section.*"  (§ 527.6, subd. (h), italics added.)

Plaintiff petitioned for an order prohibiting civil harassment pursuant to section 527.6.  Defendant filed an answer, but did not file a cross-petition.  After the hearing, the trial court entered an order restraining both parties.  Defendant has not appealed the order entered against her.  Plaintiff contends the trial court violated section 527.6 and her due process rights by entering an injunction against her when defendant did not give her notice of any request for such an injunction by filing a formal cross-petition.

In *Kobey v. Morton* (1991) 228 Cal.App.3d 1055 (*Kobey*), plaintiff petitioned for a civil harassment restraining order against defendant.  (*Id*. at p. 1057.)  After a hearing, the trial court imposed mutual restraining orders against plaintiff and defendant.  (*Id*. at p. 1058.)  The court noted that *Schraer v. Berkeley Property Owners' Assn*. (1989) 207 Cal.App.3d 719 (*Schraer*) had held the trial court was required to follow formal procedures at the hearing, including allowing oral testimony to be presented; the *Schraer* court explained:

> "'Although an initial temporary restraining order may be obtained ex parte on affidavit, the statute requires a more formal procedure for obtaining what approximates a permanent injunction.
>
> "'This more formal procedure is required by due process.  The injunction issued under the statute at issue is quite different from the kind of injunction issued under ... section 527, subdivision (a).  Although the latter *preliminary* injunction may be issued on the basis of affidavit alone, the enjoined party still has the safeguard of a full trial on the merits to follow ....
>
> "'In contrast, the procedure for issuance of an injunction prohibiting harassment is self-contained.  There is no full trial on the merits to follow the issuance of the injunction after the hearing provided by ... section 527.6,

3.

subdivision (d).'" (*Kobey*, *supra*, 228 Cal.App.3d at pp. 1059–1060, quoting *Schraer, supra,* 207 Cal.App.3d at p. 732.)

The *Kobey* court concluded:

"Similarly, we believe section 527.6 calls for the formality of a cross-complaint before the court imposes on the plaintiff 'what approximates a permanent injunction.' The court's inherent power does not extend so far as to encompass an order without a petition to serve as a vehicle for that order. [Citation.] While we applaud the trial court's efforts to keep the peace in the highly emotional situation here, we cannot elevate this goal over the basic requirement of due process." (*Kobey*, *supra*, 228 Cal.App.3d at p. 1060, fn. omitted.)

The court reversed the portion of the order imposing an injunction against the plaintiff, finding the trial court abused its discretion by imposing mutual restraining orders. (*Kobey, supra,* 228 Cal.App.3d at p. 1060; accord, *Nora v. Kaddo* (2004) 116 Cal.App.4th 1026, 1029.)

Defendant did not file a cross-petition for an order against plaintiff as permitted by section 527.6, subdivision (h). Plaintiff was given no advance notice of, or effective opportunity to respond to, any charge that she engaged in harassment of defendant. Consequently, the trial court abused its discretion by imposing against plaintiff an order prohibiting civil harassment.

## *DISPOSITION*

The portion of the order imposing restraints against plaintiff is reversed. The remainder of the order is affirmed. Plaintiff is entitled to her costs on appeal.