Filed 5/11/23  Lopez v. Chicas CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| ANDREA VANESSA VILLALTA LOPEZ,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>HENRY DAVID CHICAS,<br><br>    Defendant and Appellant. | A165476<br><br>(San Mateo County<br>Case No. 22-CIV-02096) |

Henry David Chicas appeals from the trial court order granting Andrea Vanessa Villalta Lopez a civil harassment restraining order against him pursuant to Code of Civil Procedure section 527.6.[1]  Because Chicas was not allowed to participate in the hearing on the restraining order despite being present at that hearing and ready to participate, we shall reverse.

**FACTUAL AND PROCEDURAL BACKGROUND**

On May 24, 2022, Lopez filed a form request for a civil harassment restraining order against Chicas, and the court issued a temporary restraining order set to expire at the time of the hearing.

In her form request, she identified Chicas as a "friend" and noted they lived in the same community.  On the form, Lopez indicated the harassment

---

[1]    All further statutory references are to the Code of Civil Procedure.

occurred on March 22, 2022. In describing the harassment, she explained that she, Chicas, and other friends went to a concert on the night of December 11, 2021. She drank more than usual but felt safe because she was with friends. The last thing she remembered was walking on the street close to the entrance of the concert venue. When she woke the next day, she was lying down on Chicas' bed. As she was getting up, Chicas came in and Lopez asked him what happened. In marginalia, she notes her explanation is continued on the next page, but no further explanation is included on the next page or anywhere else in the request or record. In response to the form's question regarding whether she was harmed or injured due to the harassment, Lopez stated that she had a bruise on her left leg at "the time of sexual abuse on December 12, 2021." Lopez also identified other times Chicas harassed her, asserting he drove by her house almost daily; threatened to show pictures of her naked; and offended her with bad words which made her feel denigrated.

Lopez requested the court order Chicas to stop harassing and contacting her; to delete all pictures of her and information he had about her immediately; to stop discussing her personal life; and to stay as far away as possible from her and her home (while acknowledging Chicas lived about four blocks away from her).

On June 14, 2022, at 9:30 a.m., Judge Susan Greenberg held a hearing on the petition. Lopez appeared in propria persona, assisted by an interpreter. Chicas was present in court and represented by counsel.

Following appearances, the court stated: "[U]nfortunately, I was informed that at nine o'clock when this case was called in front of the presiding judge . . . the only party that was present was the petitioner, Ms. Villalta Lopez, and that you [counsel for Chicas] did not arrive until 9:32 this

2

morning.  [¶]  So your client will not be permitted to be part of the proceedings this morning as not having timely appeared."  Asked to be heard on the matter, Chicas' counsel explained: "Your Honor, Mr. Chicas was sitting outside  . . . of Judge Davis' courtroom.  He was not sure if he was permitted to go in due to the COVID rules.  [¶]  I was in court on the fourth floor . . . for five pretrials that started at 8:30.  I permitted a colleague of mine . . . to do her pretrials ahead of mine because she was concerned about being sent out to trial in front of Judge Davis at 9 a.m.  [¶]  So I let her go ahead of me which then caused me to be late, your Honor."

Judge Greenburg expressed her understanding and thanked counsel.  She then turned to Lopez, who had been sworn to testify, and asked, "Is everything in your petition for a civil harassment restraining order that you filed on May 24th of 2022 true and correct?"  Lopez replied, "Yes.  True."  Asked if there was additional information she wanted the court to know, Lopez indicated that she had a police report from June 8, 2022, indicating there had been a violation of the temporary restraining order issued on May 24, 2022, when Chicas had come within 100 yards of her house and car.

Based on Lopez's testimony, Judge Greenberg expressed the court's intent to issue a permanent restraining order against Chicas.  She stated that Judge Davis was clear that the case was a "prove-up; that there was no timely appearance by the respondent."  Chicas' counsel again attempted to explain the circumstances of her delay and added that there was a lot of testimony the court needed to consider that completely contradicted and undermined Lopez's credibility.  Judge Greenberg responded: "You did not call that department.  You did not notify them that you were not going to be on time.  That's absolutely unacceptable."  Chicas requested a continuance, which the court denied.

The court granted Lopez's request for a restraining order. It issued personal conduct orders barring Chicas from harassing or contacting Lopez, and from taking any action to obtain her address or location. The court also ordered Chicas to stay at least 100 yards away from Lopez and her house and car, except when he was at his own residence.

This appeal followed. Lopez, who continues to represent herself in propria persona, did not file a respondent's brief, but did submit a letter to the court which did not comply with the requirements for a respondent's brief and which we do not construe as one.[2]

## DISCUSSION

Section 527.6 was enacted " 'to protect the individual's right to pursue safety, happiness and privacy as guaranteed by the California Constitution.' [Citations.] It does so by providing expedited injunctive relief to victims of harassment." (*Brekke v. Wills* (2005) 125 Cal.App.4th 1400, 1412.) "A person who has suffered harassment . . . may seek a temporary restraining order and an order after hearing prohibiting harassment." (§ 527.6, subd. (a)(1).) " 'Harassment' " is defined, in pertinent part, as "a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose. The course of conduct must be that which would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner." (§ 527.6, subd. (b)(3).) "If the judge

---

[2]     " ' "When a litigant is appearing in propria persona, he is entitled to the same, but no greater, consideration than other litigants and attorneys [citations]. Further, the in propria persona litigant is held to the same restrictive rules of procedure as an attorney." ' " (*Burnete v. La Casa Dana Apartments* (2007) 148 Cal.App.4th 1262, 1267.)

4

finds by clear and convincing evidence that unlawful harassment exists, an order shall issue prohibiting the harassment." (§ 527.6, subd. (i).)

On appeal from the grant of a section 527.6 civil harassment restraining order, "[w]e review issuance of [the] protective order for abuse of discretion, and the factual findings necessary to support the protective order are reviewed for substantial evidence.' " (*Parisi v. Mazzaferro* (2016) 5 Cal.App.5th 1219, 1226, disapproved on another ground in *Conservatorship of O.B.* (2020) 9 Cal.5th 989, 1003, fn. 7.) However, "whether the facts, when construed most favorably in [petitioner's] favor, are legally sufficient to constitute civil harassment under section 527.6, and whether the restraining order passes constitutional muster, are questions of law subject to de novo review." (*R.D. v. P.M.* (2011) 202 Cal.App.4th 181, 188.)

Chicas contends the trial court's refusal to allow him to participate in the hearing denied him due process as well as his statutory right to present relevant evidence. Without addressing the due process contentions, we conclude the trial court erred by denying Chicas the ability to present relevant testimony as required by section 527.6.

The statutory scheme for civil harassment restraining orders provides that "a hearing shall be heard on the petition" "[w]ithin 21 days, or, if good cause appears to the court, 25 days from the date that a petition for a temporary order is granted or denied, a hearing shall be heard on the petition." (§ 527.6, subd. (g).) At the hearing, "the judge *shall receive any testimony that is relevant*, and may make an independent inquiry." (§ 527.6, subd. (i), emphasis added.) "Compared to the normal injunctive procedures . . . , section 527.6 provides a quick, simple and truncated procedure. [Citation.] The statute provides for the proceeding to be completed in a matter of weeks." (*Yost v. Forestiere* (2020) 51 Cal.App.5th

5

509, 521.) "The Legislature offset the expedited procedures in section 527.6 with safeguards and several provisions limiting the scope of civil harassment restraining orders." (*Ibid*.) One "set of safeguards assures that a person charged with harassment is given an opportunity to present his or her case." (*Id*. at p. 522.)

In *Schraer v. Berkeley Property Owners' Assn*. (1989) 207 Cal.App.3d 719 (*Schraer*), the respondents petitioned for a harassment injunction pursuant to section 527.6. (*Id*. at p. 725.) The parties submitted written declarations, as well as various newspaper articles and clippings, to the trial court, but the court "declined to permit live testimony or cross-examination of declarants." (*Ibid*.) The trial court granted the requested injunctive relief. (*Id*. at p. 726.) The appellate court concluded the trial court erred in refusing to permit testimony: "[A]lthough the procedures set forth in the harassment statute are expedited, they contain certain important due process safeguards. Most notably, a person charged with harassment is given a full opportunity to present his or her case, with the judge *required* to receive relevant testimony and to find the existence of harassment by 'clear and convincing' proof . . . ." (*Id*. at pp. 730–731.) The court further noted that "if it is offered, relevant oral testimony must be taken from available witnesses" and that limitations on a defendant's right to present evidence and cross-examine witnesses "run the real risk of denying such a defendant's due process rights, and would open the entire harassment procedure to the possibility of successful constitutional challenge on such grounds." (*Id*. at p. 733.)

Similarly, in *Nora v. Kaddo* (2004) 116 Cal.App.4th 1026 (*Nora*), the parties sought to present testimony in addition to the declarations and exhibits attached to the petitions for mutual restraining orders under section 527.6. (*Id*. at p. 1028.) The trial court "indicated that testimony was

6

unnecessary, as it was prepared to rule on the papers presented by the parties" and entered both orders. (*Id*. at pp. 1028–1029.) The appellate court concluded that this ruling "deprived both parties of important rights that the statute expressly preserved to them." (*Id*. at p. 1029.)

More recently, in *CSV Hospitality Management LLC v. Lucas* (2022) 84 Cal.App.5th 117 (*CSV*), this court examined procedural requirements in a workplace violence restraining order hearing under section 527.8, which "parallel those under section 527.6." (*CSV*, at p. 122.) There, the defendant subject to the restraining order argued that the trial court erroneously limited his ability to present a defense by depriving him of the opportunity to cross-examine an adverse witness during the hearing. (*Id*. at p. 123.) Construing analogous language in section 527.8, subd. (j) which states that the trial court " '*shall receive any testimony that is relevant*' " during the hearing on a petition, this court concluded: "The plain language of this provision suggests that the Legislature intended for a trial court to consider all relevant evidence, including evidence by cross-examination, when deciding whether to issue an injunction." (*CSV*, at p. 123.) The court concluded that the failure to allow cross-examination violated the statute. (*Ibid*.)

These cases show that where a defendant to a request for a restraining order in a civil harassment proceeding offers relevant testimony on his or her behalf, the trial court must allow such testimony to be heard. Here, this did not happen. Contrary to the express requirements of section 527.6, the trial court expressly refused to allow Chicas to participate in the hearing as he was not allowed to proffer relevant testimony and not allowed to cross-examine Lopez. Chicas and his attorney were both present in the courtroom at the time of the hearing, and counsel implored the court that there was significant and salient testimony the court needed to consider that she

7

averred contradicted and undermined Lopez's credibility.  In allowing Lopez to testify as to the veracity of her petition while depriving Chicas of his right to defend, the court neglected the statutory safeguards the Legislature built into the statute.

Chicas and his counsel's apparent tardiness to the hearing when it was initially called at 9:00 a.m. does not compel a different result.[3]  While we acknowledge that courts generally retain jurisdiction to control proceedings, this is not a situation, for example, where a litigant and his counsel showed up after a hearing had already concluded.  At the hearing during which Lopez's petition was *actually adjudicated*, Chicas and his counsel were present in the courtroom and prepared to participate.  This hearing, which took place approximately 30 minutes after the matter was initially called, was the proceeding in which the court swore in Lopez and received her testimony.  Chicas was therefore present at the hearing during which the court allowed Lopez to present her case and made its findings.

For the above reasons, we conclude that the trial court abused its discretion in denying Chicas an opportunity to present relevant evidence at the hearing.  In view of our decision, we need not address whether Lopez established the elements of a section 527.6 restraining order by clear and convincing evidence.

## DISPOSITION

The permanent restraining order is reversed.  The temporary restraining order is reinstated to remain in effect until 21 days after issuance of the remittitur, unless earlier terminated or extended by order of the trial court.  The trial court is directed to conduct a hearing on the petition within

---

[3]    We do not endorse or excuse counsel's failure to timely appear and agree with Judge Greenberg that counsel's failure to communicate directly with the court regarding the unanticipated tardiness was not acceptable.

21 days of issuance of the remittitur unless continued for good cause as permitted by section 527.6 or unless Lopez notifies the court she no longer intends to pursue the order.  The parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

_____

Petrou, J.

WE CONCUR:

_____

Tucher, P.J.

_____

Rodríguez, J.

A165476/*Lopez v. Chicas*