Filed 6/4/25  Cielo v. Payne CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| CHERINE CIELO,<br><br>    Petitioner and Appellant,<br><br>v.<br><br>SHERRY VINCENT PAYNE,<br><br>    Respondent. | 2d Civ. No. B340404<br>(Super. Ct. No. 24CV-0158)<br>(San Luis Obispo County) |

Appellant Cherine Cielo petitioned for a civil harassment restraining order against respondent Sherry Vincent Payne under Code of Civil Procedure section 527.6.[1]  Respondent answered the petition but did not cross-petition for an order against appellant.  At hearing, the trial court found their "mutual pattern of ongoing harassment" warranted mutual restraining orders.  The parties agreed; the court entered the orders.

---

    [1] All further unmarked statutory references are to the Code of Civil Procedure.

Appellant promptly moved to vacate, arguing the court lacked authority to issue mutual orders because respondent did not file a cross-petition. Doing so, she asserted, contravened section 527.6 and violated her due process rights. The court denied the motion to vacate.

We will affirm the orders.

FACTUAL AND PROCEDURAL BACKGROUND

Appellant worked at a doctor's office where respondent received acupuncture treatment. Respondent alleges appellant began a romantic relationship with her husband around January of 2022. This led to respondent and her husband divorcing.

Appellant sought a restraining order against respondent in March of 2024. Her petition alleged respondent harassed her by, among other things, stalking her home, filing false police reports, and leaving defamatory voicemails at the doctor's office where she worked. Respondent accused appellant of similar behaviors. She submitted a responsive declaration and a 45-page compendium of exhibits but did not cross-petition for her own restraining order against appellant.

Trial took place on March 22, 2024. The court entered mutual restraining orders "based upon the request and agreement of both parties." Appellant moved to vacate the mutual restraining orders on April 3. She argued the court lacked authority to issue an order against her because respondent did not cross-petition for relief. The trial court set the hearing on the motion to vacate for July 31. It denied appellant's request to advance the hearing to an earlier date.

Respondent filed her own section 527.6 petition against appellant on April 12, 2024. Appellant opposed the motion and filed a notice of related cases. The court decided to take no action

2

on respondent's petition because the March 22 mutual orders were already in place.[2]

The court denied appellant's motion to vacate in a written ruling on August 23. It found appellant received a fair opportunity to address respondent's contentions against her. "While not a cross-petition," the court wrote, "[r]espondent's contentions that served as the basis for the order were set forth in her response to the petition. The parties had a full trial on their issues." Appellant "expressly agreed to the mutual orders" on March 22 after the court told the parties that "the evidence for both sides evidenced a mutual pattern of ongoing harassment." While respondent did not initially cross-petition for her own order, she eventually did so. Appellant was "aware of the content and allegations of [r]espondent's petition, because she filed a notice of related action, opposed the requested order and requested attorney fees."

## DISCUSSION

A party seeking a civil harassment restraining order must petition for relief under section 527.6. The responding party "may file a response that explains, excuses, justifies, or denies the alleged harassment, or may file a cross-petition under this section." (§ 527.6, subd. (h).) The court may issue the order if it finds clear and convincing evidence of "unlawful violence, a

---

[2] It is not clear if the trial court held a hearing on respondent's section 527.6 petition. Appellant's appendix contains no order or reporter's transcript from the scheduled hearing date, i.e., April 26, 2024. The procedural summary contained in the court's August 23 ruling states: "4/25/24 – Miscellaneous minute order issued by the Court in 24CV-0224 that mutual restraining orders were previously granted in 24CV-0158 [i.e., this case], so the Court would take no action."

credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose." (*Id.*, subds. (a)(1), (b)(3) & (i); *Schraer v. Berkeley Property Owners' Assn.* (1989) 207 Cal.App.3d 719, 730.) A party may appeal the court's ruling as an "order granting or dissolving an injunction, or refusing to grant or dissolve an injunction." (Code Civ. Proc., § 904.1, subd. (a)(6).)

Appellant contends the court lacked authority to issue mutual restraining orders at the March 22, 2024 trial because respondent had not yet petitioned for an order against appellant. She also contends this violated her due process rights by depriving her of notice and an opportunity to be heard. We review these questions of law de novo. (See *Harris v. Stampolis* (2016) 248 Cal.App.4th 484, 497 [whether a restraining order "passes constitutional muster" is a question of law reviewed de novo].) We review the trial court's findings in support of the restraining order's entry for substantial evidence. (*Ibid.*)

Two cases anchor appellant's arguments: *Kobey v. Morton* (1991) 228 Cal.App.3d 1055 (*Kobey*) and *Nora v. Kaddo* (2004) 116 Cal.App.4th 1026 (*Nora*). In both, the trial court issued mutual restraining orders even though respondents had not cross-petitioned for relief. The Courts of Appeal reversed. *Nora* quoted *Kobey* as follows: "'[S]ection 527.6 calls for the formality of a cross-complaint before the court imposes on the plaintiff "what approximates a permanent injunction." The court's inherent power does not extend so far as to encompass an order without a petition to serve as a vehicle for that order.'" (*Nora*, at p. 1029, quoting *Kobey*, at p. 1060.) We agree with this premise but will not apply it here for two reasons.

4

First, the petitioners in *Nora* and *Kobey* immediately objected to the trial court issuing mutual orders. Here, appellant concedes she agreed to them at the March 22 hearing. The record does not include a reporter's transcript or minute order from this date. The August 23 motion to vacate ruling, however, states the court "held a full trial [on March 22] with testimony from both [parties] and found clear and convincing evidence to issue a restraining order against both parties." The court then "inquired of the parties if they would consider mutual restraining orders due to the ongoing issues and allegations between them, and both sides agreed."

Second, *Nora* and *Kobey* did not involve a respondent who promptly filed a prophylactic section 527.6 petition. Respondent did so here on April 12—only three weeks after the court entered the mutual orders. Appellant opposed this petition, sought judicial notice of the March 22 orders, and filed a notice of related cases. Both petitions were before the court when it heard the motion to vacate on July 31. The August 23 ruling states the court considered the evidence supporting the "various petitions" and found it duplicative of that introduced at the first hearing. Appellant thus received ample notice of the allegations against her and at least two evidentiary hearings at which she was fully aware of respondent's allegations against her. The petitioner in *Nora*, in contrast, received no evidentiary hearing at all. (*Nora*, *supra*, 116 Cal.App.4th at pp. 1028-1029.)

The procedural infirmities that prompted *Nora* and *Kobey* to reverse and vacate mutual restraining orders are not present here. We agree with the trial court that appellant was "aware of the content and allegations of [r]espondent's petition" and that "a further evidentiary hearing would generate the same evidence

5

and allegations the Court has previously considered." While the parties' testimony at hearing is not contained in the record, their declarations and exhibits are sufficient to support a finding that each party engaged in "a knowing and willful course of conduct directed at [the other party] that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose." (§ 527.6, subd. (b)(3).)

## DISPOSITION

The mutual restraining orders are affirmed. Respondent did not appear and shall not recover costs on appeal.

<u>NOT TO BE PUBLISHED.</u>

CODY, J.

We concur:

GILBERT, P. J.

BALTODANO, J.

6

Tana L. Coates, Judge

Superior Court County of San Luis Obispo

_____

Sanger Law Firm, Sarah S. Sanger and Miguel A. Avila, for Petitioner and Appellant.

No appearance for Respondent.